| | |
|---|---|
| DAVID L. BOHN, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICIA MCMANAMAN, in her official capacity as Director of the Department of Human Services, State of Hawaii, <br><br> Defendant. | CIVIL NO. 10-00680 DAE-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT LEHUA BOOTH'S MOTION (1) TO INTERVENE; (2) FOR APPOINTMENT AS CLASS REPRESENTATIVE; AND (3) FOR LEAVE TO FILE AMENDED COMPLAINT |

FINDINGS AND RECOMMENDATION TO GRANT LEHUA BOOTH'S MOTION (1) TO INTERVENE; (2) FOR APPOINTMENT AS CLASS REPRESENTATIVE; AND (3) FOR LEAVE TO FILE AMENDED COMPLAINT[1]

Before the Court is Lehua Booth's ("Applicant") Motion (1) to Intervene; (2) for Appointment as Class Representative; and (3) for Leave to File Amended Complaint, filed on behalf of themselves and all others similarly situated on September 12, 2011 ("Motion"). See ECF No. 29. Defendant Patricia McManaman ("Defendant") filed a Statement of No Opposition to Applicant's Motion on September 26, 2011. See ECF No. 34.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

On September 16, 2011, the Court found this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  See ECF No. 33.  Based on the following, and after careful consideration of the Motion, the supporting memorandum, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Applicant's Motion be GRANTED.

BACKGROUND

On November 17, 2010, Plaintiff David L. Bohn ("Plaintiff") initiated this action on behalf of himself and a class of needy families and individuals challenging Defendant's alleged policies and practices of failing to timely process Supplemental Nutrition Assistance Program ("SNAP") applications and issue benefits in violation of federal law.  See Compl. ¶¶ 1-2.  Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure ("FRCP") Plaintiff sought to define a class of: "All Hawaiʻi residents who (1) applied for Supplemental Nutrition Assistance Program ("SNAP") benefits in Hawaii after November 2008 and who did not receive benefits in a timely manner, or (2) are seeking, or will in the future seek, SNAP benefits in Hawaiʻi.  See Compl. ¶ 7.

On February 7, 2011, the Court issued a Stipulated Order Granting Plaintiff's Motion for Class Certification ("Stipulated Order").  See ECF No. 14.  In the Stipulated Order,

the Court ordered: (1) certification of the requested class; (2) appointment of Plaintiff as class representative; and (3) appointment of Lawyers for Equal Justice, National Center for Law and Economic Justice and the law firm of Alston Hunt Floyd & Ing as class counsel. Id. at 3-4. The Court found that the proposed class was so numerous that joinder of all members was impracticable and that there were questions of law and fact common to the class. Id. at 4. Finally, the Court found that Plaintiff's claims, which were based on the State of Hawaii's failure to timely process his SNAP application were typical of the claims of the class and that common questions of law and fact predominated over the individual issues, if any, in this case, and, as a result, a class action was a superior method to adjudicate this controversy. Id. at 4-5.

In the time since the Stipulated Order was issued, Plaintiff's SNAP application was finally processed. See Pl.'s Mem. Supp. Mot. 5. Applicant is willing to serve as substitute class representative. See id. Applicant and her husband previously qualified for SNAP benefits and used those benefits to eat. See Booth Decl. ¶ 5. After being cut from those benefits, Applicant filled out a SNAP application on Maui, and the application was transferred to the Oahu Department of Human Services ("DHS") office. Id. at ¶ 10.

As of the date of the Motion, Applicant has not yet been informed about whether she qualifies for SNAP benefits. See

Pl.'s Mem. Supp. Mot. 3. Since August 5, 2011, Applicant has contacted DHS multiple times to inquire as to the status of her file to no avail. See Booth Decl. ¶ 9, 12, 15. As of the date of the Motion, it had been over 30 days with no response from DH since Applicant applied for SNAP benefits. See Booth Decl. ¶ 15.

ANALYSIS

**A.  Intervention**

Applicant seeks to intervene in this action pursuant to FRCP 24(b)(1)(B), which permits the district court to allow anyone to intervene who, on timely motion, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Under permissive intervention, an applicant must show: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009) (quoting Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)).

Even if an applicant satisfies these threshold requirements, the court has discretion to deny permissive intervention. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The court may also consider other factors, including

4

"the nature and extent of the intervenor's interest" and "whether the intervenors' interests are adequately represented by other parties." Perry, 587 F.3d at 955 (quoting Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

1. **Jurisdiction**

A party seeking permissive intervention must establish a basis for federal subject matter jurisdiction independent of this court's jurisdiction over the underlying action. E.E.O.C. v. Nev. Resort Ass'n, 792 F.2d 882, 886 (9th Cir. 1986). Booth alleges that jurisdiction over this action is proper pursuant to 28 U.S.C. § 1331, see Rogers Decl. Ex. A, ¶ 5, and the Court agrees.

2. **Timeliness**

In determining whether a motion to intervene is timely, the court must consider three factors: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" San Jose Mercury News, Inc. v. U.S. District Court - N. Dist. (San Jose), 187 F.3d 1096, 1100-01 (9th Cir. 1999) (quoting League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997)). After considering these factors, and particularly Defendant's Statement of No Opposition, the Court finds that Booth's Motion is timely.

3. **Common Question of Law or Fact**

Booth contends that she has a common question of fact because she has been waiting over one month for a determination as to whether she qualifies for SNAP benefits, despite her qualification in the past. See Booth Mem. Supp. Mot. 4. In addition, she argues that because this action "arises from the State's intentional, ongoing, and persistent failure to timely process applications for SNAP benefits," the legal issue she seeks to redress is "identical to the one already pending in this action." Id. The Court has also reviewed Booth's proposed Amended Complaint and finds that common questions of law and fact exist such that intervention is appropriate.

### 4. Prejudice and Other Factors

Finally, the Court has considered the possible prejudice to Defendant, the nature and extent of Booth's interest, and whether Booth's interests are adequately represented by other parties. The Court finds that these factors weigh in favor of permitting Booth to intervene.

## B. Appointment as Class Representative

A plaintiff moving to certify a class has the burden of showing that the proposed class satisfies the requirements of FRCP 23. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548 (2011). FRCP 23(a) states four threshold requirements applicable to all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;

>           (2)  there are questions of law or fact common to the
>                class;
>
>           (3)  the claims or defenses of the representative
>                parties are typical of the claims or defenses of
>                the class; and
>
>           (4)  the representative parties will fairly and
>                adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy of representation. United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010).

Where a putative class satisfies all four requirements of FRCP 23(a), it still must meet at least one of three additional requirements outlined in FRCP 23(b) in order to be eligible for certification. Id. FRCP 23(b)(3), under which Applicant brings the instant Motion, requires that a court find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1090 n.1 (9th Cir. 2010). These additional requirements for class certification are known as predominance and superiority. Id.

In its Stipulated Order, the Court previously ordered: (1) certification of the requested class; (2) appointment of Plaintiff as class representative; and (3) appointment of Plaintiff's attorneys as class counsel. The Court found that the proposed class was so numerous that joinder of all members was impracticable and that there were questions of law and fact common to the class. Finally, the Court found that Plaintiff's claims, which were based on the State of Hawaii's failure to timely process his SNAP application were typical of the claims of the class and that common questions of law and fact predominated over the individual issues, if any, in this case, and, as a result, a class action was a superior method to adjudicate this controversy.

In the time since the Stipulated Order was issued, Plaintiff's SNAP application was finally processed. Given Booth's willingness to serve as substitute class representative, and the Court's above finding that Booth shares common questions of law and fact with the underlying action, the Court finds that Booth's claims are typical of the claims of the certified class and that Booth's appointment as substitute class representative is appropriate.

**C.  Leave to File Amended Complaint**

FRCP 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given

when justice so requires.  See Fed. R. Civ. P. 15(a)(2).  This rule is applied with "extreme liberality."  <u>Eminence Capital LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003).  Indeed, "[i]f the facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  <u>See also</u> <u>In re Morris</u>, 363 F.3d 891, 894 (9th Cir. 2004) (quoting <u>James v. Pliler</u>, 269 F.3d 1124, 1126 (9th Cir. 2001) ("leave to amend, although within the discretion of the trial court, 'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings'")).

In deciding whether to grant leave to amend, a district court should consider the following factors: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. <u>Foman</u>, 371 U.S. at 182.  Not all of the factors merit equal weight.  <u>Eminence Capital</u>, 316 F.3d at 1052.  For example, consideration of prejudice to the opposing party carries the greatest weight.  <u>Id.</u>  Moreover, while futility of amendment can, by itself, justify denial a motion requesting leave to amend, undue delay alone is not sufficient.  <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995); <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th

Cir. 1999). However, if there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052. See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) ("leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay").

In light of the Court's above finding that intervention and appointment of Booth as substitute class representative are appropriate, the Court further finds that Booth should be given leave to amend the Complaint to reflect her addition as lead plaintiff. Indeed, the Court does not find that Defendant will be prejudiced or that amendment is sought in bad faith, is futile, or creates undue delay. Therefore, the Court finds that the presumption in favor of granting leave to amend should be applied to Booth.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Lehua Booth's Motion (1) to Intervene; (2) for Appointment as Class Representative; and (3) for Leave to File Amended Complaint, filed on September 12, 2011, be GRANTED as follows:

(1) The Court PERMITS Lehua Booth to intervene in the instant action;

(2) The Court APPOINTS Lehua Booth as substitute class representative in place of Plaintiff David L. Bohn;

(3) The Court GRANTS Lehua Booth leave to file an Amended Complaint in the form of Exhibit "B" to her Motion within two (2) weeks after this Findings and Recommendation is acted upon; and

(4) The Court ORDERS the parties to meet and confer by November 1, 2011 to agree on: the proposed notice to potential class members pursuant to Fed. R. Civ. P. 23(d)(2), a method for ascertaining the identity of class members, and the most practicable procedure under the circumstances to provide notice of the instant case to those class members. The proposed notice to the class and the proposed distribution plan shall be submitted for the Court's approval by November 15, 2011.

IT IS SO FOUND AND RECOMMENDED.

///
///
///
///
///
///
///

DATED AT HONOLULU, HAWAII, OCTOBER 11, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

BOHN V. MCMANAMAN, CIVIL NO. 10-00680 DAE-RLP; FINDINGS AND RECOMMENDATION TO GRANT LEHUA BOOTH'S MOTION (1) TO INTERVENE; (2) FOR APPOINTMENT AS CLASS REPRESENTATIVE; AND (3) FOR LEAVE TO FILE AMENDED COMPLAINT