IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LEHUA BOOTH, on behalf of          ) CIVIL NO. 10-00680 DKW-RLP
herself, and all others            )
similarly situated,                ) FINDINGS AND RECOMMENDATION TO
                                   ) GRANT IN PART AND DENY IN PART
          Plaintiff,               ) PLAINTIFF'S MOTION FOR AWARD OF
                                   ) ATTORNEYS' FEES AND RELATED NON-
     vs.                           ) TAXABLE EXPENSES
                                   )
                                   )
RACHEL WONG, in her official       )
capacity as Director of the        )
Department of Human Services,      )
State of Hawaii,                   )
                                   )
          Defendant.               )
_____   )

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES[1]

Before the Court is Plaintiff's Motion for Attorneys'

Fees and Related Non-Taxable Expenses, filed on March 25, 2013

("Motion"). See ECF No. 63. After the Motion was fully briefed,

the Court granted Plaintiff's unopposed motion to stay its

decision on Plaintiff's Motion pending the resolution of three

attorneys' fee applications pending in the Ninth Circuit. See

ECF No. 100. After the pending applications were decided and the

stay was lifted, Plaintiff filed a Second Supplemental Brief in

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

Support of her Motion on June 12, 2015.  See ECF No. 105.

Plaintiff requests an award of $225,407.66 for attorneys' fees

and $311.24 for non-taxable expenses as the "prevailing party"

pursuant to 42 U.S.C. § 1988(b).  Defendant Rachel Wong[2] filed

her Response to Plaintiff's Second Supplemental Brief June 26,

2015.  See ECF No. 107.  After careful consideration of the

submissions of the parties and the relevant legal authority, the

Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN

PART AND DENIED IN PART.

<u>BACKGROUND</u>

Plaintiff filed this action alleging that the State of

Hawaii, Department of Human Services failed to timely process

Supplemental Nutrition Assistance Program ("SNAP") applications

and issue benefits in violation of federal law on November 17,

2010.  ECF No. 1.  The court granted Plaintiff's Motion for

preliminary injunction on November 16, 2011.  ECF No. 45.  On

September 3, 2013, this Court entered a Stipulation and Order of

Settlement and Dismissal, which required Defendant to meet

certain processing time-frames for SNAP benefits.  ECF No. 86.

The Stipulation and Order of Settlement and Dismissal further

provided, among other things, that Defendant was required to

---

[2] The original named defendant in this action was Patricia
McManaman in her official capacity as Director of the Department
of Human Services, State of Hawaii.  Rachel Wong is Ms.
McManaman's successor and is automatically substituted as a party
pursuant to Federal Rule of Civil Procedure 25(d).

provide Plaintiff with monthly monitoring reports and that the
Court retained jurisdiction over this action, and Plaintiff could
seek to enforce the Dismissal Order, for twelve months.  <u>Id.</u>
¶¶ 9, 11.  The Stipulation and Order of Settlement and Dismissal
also stated that "Defendant agrees that Plaintiff's counsel is
entitled to reasonable attorneys' fees and costs pursuant to 42
U.S.C. § 1988."  <u>Id.</u> ¶ 14.

<u>ANALYSIS</u>

### A.    Entitlement to Attorneys' Fees and Costs

Courts may award reasonable attorneys' fees to the
"prevailing party" in certain civil rights actions, including
those brought under 42 U.S.C. § 1983.  <u>See</u> 42 U.S.C. § 1988(b).
A plaintiff "prevails" for the purposes of Section 1988 "when
actual relief on the merits of his claim materially alters the
legal relationship between the parties by modifying the
defendant's behavior in a way that directly benefits the
plaintiff."  <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-12 (1992).
Relief "on the merits" occurs when the material alteration of the
parties' legal relationship is accompanied by "judicial
*imprimatur* on the change."  <u>Buckhannon Bd. & Care Home, Inc. v.
W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 605 (2001).
"Judicial imprimatur can come in the form of an enforceable
judgment on the merits or a court-ordered consent decree."
<u>Higher Taste v. City of Tacoma</u>, 717 F.3d 712, 715 (9th Cir.

3

2013).  Here, in the Stipulation and Order of Settlement and
Dismissal, Defendant stipulated that Plaintiff's counsel is
entitled to reasonable attorneys' fees and costs pursuant to 42
U.S.C. § 1988.  ECF No. 86 ¶ 14.

### B.  Calculation of Attorneys' Fees

Courts use the lodestar method for calculating an award
of reasonable attorneys' fees in Section 1983 cases.  Hensley v.
Eckerhart, 461 U.S. 424, 433 (1983); see also 42 U.S.C.
§ 1998(b).  A reasonable fee is determined by multiplying "the
number of hours reasonably expended on the litigation" by "a
reasonable hourly rate."  Hensley, 461 U.S. at 433.  Once
calculated, the lodestar amount is presumptively reasonable.  See
Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S.
711, 728 (1987).  However, in "rare and exceptional
circumstances," a court may decide to adjust the lodestar figure
based on an evaluation of several factors:  the time and labor
required, the preclusion of other employment by the attorney due
to acceptance of the case, the customary fee, time limitations
imposed by the client or the circumstances, the "undesirability"
of the case, the nature and length of the professional
relationship with the client, and awards in similar cases.  See
Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.
1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n. 4 (9th
Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9

(9th Cir. 1996); <u>Davis v. City & Cnty. of SF</u>, 967 F.2d 1536, 1549

(9th Cir. 1992), <u>vacated</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>, 984 F.2d 345

(9th Cir. 1993). The fee should be "sufficient to induce a

capable attorney to undertake the representation of a meritorious

civil rights case." <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S.

542, 552 (2010). The fee awarded should help to enforce "civil

rights statutes, not to provide a form of economic relief to

improve the financial lot of attorneys." <u>Id.</u> (quotation

omitted).

Three law firms performed work for Plaintiff in this

action. The attorneys' fees requested for work performed by

Alston Hunt Floyd & Ing are:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Paul Alston, Esq. | 29.7 | $567.00 | $16,839.90 |
| Donna C. Marron, Esq. | 14.4 | $350.00 | $5,040.00 |
| Laura P. Moritz, Esq. | 4.9 | $210.00 | $1,029.00 |
| Orlesia A. Tucker, Esq. | 48.7 | $200.00 | $9,740.00 |
| Shannon M.I. Lau, Esq. | 23.3 | $200.00 | $4,660.00 |
| J. Blaine Rogers, Esq. | 152.8 | $175.00 | $26,740.00 |
| Iris K. Takane, paralegal | 55.1 | $145.00 | $7,989.50 |
| Kelly Guadagno, paralegal | 1.1 | $125.00 | $137.50 |
| Shaneeqwa N. Watson, law clerk | 2.2 | $125.00 | $275.00 |
| | | Subtotal | $72,450.90 |
| | General Excise Tax (4.712%) | | $3,413.89 |
| | | **TOTAL** | **$75,864.79** |

ECF No. 108 at 2. The attorneys' fees requested for work

performed by the National Center for Law and Economic Justice are:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Marc Cohan, Esq. | 107.5<br>21.1 | $450.00<br>$150.00 | $48,375.00<br>$3,165.00 |
| Mary R. Mannix, Esq. | 85.3 | $450.00 | $38,385.00 |
| Petra T. Tasheff, Esq. | 2.6 | $450.00 | $1,170.00 |
| | | Subtotal | $91,095.00 |
| | General Excise Tax (4.712%) | | $4,292.40 |
| | | **TOTAL** | **$95,387.40** |

Id. at 3.  The attorneys' fees requested for work performed by the Hawaii Appleseed Center for Law and Economic Justice are:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Victor Geminiani, Esq. | 133.7 | $285.00 | $38,104.50 |
| Deja M. Ostrowski, Esq. | 69.9<br>27.6 | $80.00<br>$125.00 | $5,592.00<br>$3,450.00 |
| Jennifer Anne Lee, Esq. | 28.8 | $125.00 | $3,600.00 |
| Jessica Su, law clerk | 12.8 | $80.00 | $1,024.00 |
| Jennifer Andrews, paralegal | 3.0 | $60.00 | $180.00 |
| | | Subtotal | $51,950.50 |
| | General Excise Tax (4.712%) | | $2,447.91 |
| | | **TOTAL** | **$54,398.41** |

Id. at 4.  In total, Plaintiff requests an award of $225,407.66 in attorneys' fees and taxes.  Id.

## A.  Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the

6

attorney requesting fees.  See Webb v. Ada Cnty., 285 F.3d 829,

840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should

reflect the prevailing market rates in the community.  See id.;

see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

1992), as amended on denial of reh'g, (1993) (noting that the

rate awarded should reflect "the rates of attorneys practicing in

the forum district").  In addition to their own statements,

attorneys are required to submit additional evidence that the

rates charged are reasonable.  See Jordan v. Multnomah Cnty., 815

F.2d 1258, 1263 (9th Cir. 1987).

Based on the information provided by counsel, the

Court's knowledge of the prevailing rates in the community, the

hourly rates generally granted by the Court, and the Court's

familiarity with this case, the Court finds that the hourly rates

requested for Ms. Moritz, Ms. Tucker, Ms. Lau, Mr. Rogers, Ms.

Watson, Mr. Geminiani, Ms. Ostrowski, Ms. Lee, Ms. Su, and Ms.

Andrews are reasonable.  However, as discussed below, the Court

finds that the remaining rates requested are unreasonable.

First, Plaintiff requests $567 per hour for Mr. Alston,

an attorney with forty-four years of experience.  Defendant

argues that this rate should be reduced.  The Court agrees.  The

Court acknowledges that recent unpublished decisions by the Ninth

Circuit Appellate Commissioner awarded Mr. Alston rates of $540

per hour and $593.50 per hour.  See ECF Nos. 105-3, 105-4, 105-5.

However, in reaching its decision, the Commissioner relied, in part, on the Pacific Business News Book of Lists. See ECF No. 105-3 at 5-6. Judges in this district have recently rejected reliance on the Book of Lists because it was "unhelpful in determining the prevailing market rates in Hawaii for similar services[,]" because the hourly rates listed in that article "are not tied in any way to the particular attorneys charging such rates -- there is no information indicating the experience, skill, and reputation of counsel." See James v. City & Cnty. of Honolulu, Civ. No. 13-00397 JMS-BMK, 2014 WL 6908313, at *7 (D. Haw. Dec. 8, 2014) (quoting Hawaii Def. Found. v. City & Cnty. of Honolulu, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804448, at *4 (D. Haw. June 19, 2014)). Based on this Court's experience with attorneys' fees motions, the Court finds that $567 per hour is not in line with the prevailing market rates in this community. For example, in this case, Mr. Geminiani, an attorney with over twenty-eight years of experience, requests a rate of $285 an hour, almost half of the rate requested for Mr. Alston. Additionally, the Court notes that Mr. Alston is one of five attorneys with more than twenty-eight years of experience working on this action. Based on the information provided by counsel, Mr. Alston's role in this litigation, the Court's knowledge of the prevailing market rates in the community, and the nature of this action, the Court finds that $500 per hour is a reasonable

rate for Mr. Alston.  See Sunday's Child, LLC v. Irongate Azrep
BW LLC, Civil No. 13-00502 DKW-RLP, 2014 WL 2451560, at *2-*3
(holding that $500 an hour was a reasonable rate for an attorney
with more than forty years of experience).

Second, Plaintiff requests $350 per hour for work
performed by Ms. Marron, an attorney with twenty years of
experience.  See ECF No. 92-3 at 4.  Based on the information
provided by counsel, the Court's knowledge of the prevailing
market rates in the community, and the nature of this action, the
Court finds that the requested rate is unreasonable and that $300
per hour is a reasonable rate for Ms. Marron.

Third, the Court finds that the rates requested for
paralegal work performed by Ms. Takane and Ms. Guadagno are
excessive and reduces their rates to $100 and $95 per hour
respectively.

Finally, regarding the rates requested for the National
Center for Law and Economic Justice, the Court rejects
Defendant's argument that fees should only be awarded to Mr.
Cohan, Ms. Mannix, and Ms. Tasheff as "consultants" in this
action.  Based on the filings in this case, it is clear these
attorneys were counsel of record in this action.  See, e.g., ECF
No. 1 at 1 (complaint caption listing all counsel).  Mr. Cohan
has been practicing for thirty-five years and has been the
director of the National Center for Law and Economic Justice

since 1998.  ECF No. 63-3 at 5.  Ms. Mannix has been practicing for thirty-nine years, with more than thirty-four years of experience in public benefits law.  Id. at 5-6.  Plaintiff does not provide any information regarding Ms. Tasheff's experience other than stating that she is a "senior attorney."  See ECF No. 92-1 at 1.  Based on the information provided by counsel, counsel's expertise in this area of law, and the nature of this action, the Court finds that $450 per hour is a reasonable rate for Mr. Cohan and Ms. Mannix and $225 per hour is a reasonable rate for Ms. Tasheff.

### B.  **Reasonable Hours Spent**

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged.  Gates, 987 F.2d at 1397-98. The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion.

<u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1111 (9th Cir. 2008).

### 1. **Duplicate Billing**

Defendant opposes the fees requested by Plaintiff as duplicative and excessive because Plaintiff used three law firms to conduct the work in this action. ECF No. 73 at 3-10. Although the Court finds that the use of multiple firms is not in and of itself unreasonable, the Court has carefully reviewed the time entries provided by Plaintiff's counsel and finds that many of the hours requested by Plaintiff should be reduced for conferences, meetings, discussions, and email communications, for which multiple attorneys billed. Generally, two professionals cannot bill for attending the same meeting. <u>See</u> <u>Robinson v. Plourde</u>, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (citing <u>Brandon E. v. Dep't of Educ.</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)). Accordingly, "when a party's counsel meet with one other, the Court deducts the duplicative time billed." <u>Id.</u>

Here, there were at least ten attorneys billing for work on Plaintiff's case at any given time during the litigation. Many of counsel's time entries are for email communications, telephone conferences, and meetings among and between Plaintiff's counsel. The Court finds that deductions are warranted in those instances where multiple attorneys submitted billings for the

same communications or meetings. For the time entries where the Court is able to determine the specific amount of duplicative time spent by the billing attorneys, the Court will deduct the time for the lower-billing attorneys.

For communications and meetings within the same firm, the Court deducts 15.4 hours (9.9 hours at $80 per hour; 6.1 hours at $125 per hour) from Ms. Ostrowski's time[3] and 2.3 hours from Ms. Mannix's time[4].

For communications and meetings between Plaintiff's firms, the Court deducts 1.2 hours at $80 per hour of Ms. Ostrowski's time[5]; 8.2 hours of Ms. Mannix's time[6]; 9.9 hours of

---

[3] Ms. Ostrowski's duplicative time entries were for conferences and communications with Mr. Geminiani on 8/10/10, 9/9/10, 9/10/10, 9/13/10, 9/24/10, 11/3/10, 11/8/10, 11/12/10, 12/29/10, 3/4/11, 5/10/11, 5/17/11, 6/16/11, 7/7/11, 7/13/11, 7/14/11, 8/1/11, 8/30/11, 9/6/11, 10/11/11, 10/17/11, 10/31/11, 11/2/11, 11/14/11, 11/28/11, 12/2/11, 1/3/12. See ECF No. 63-12 at 4-18.

[4] Although Ms. Mannix and Mr. Cohan bill at the same rate, the Court deducts Ms. Mannix's time because Mr. Cohan is the Director of Litigation for the firm. See ECF No. 63-3 at 5. Ms. Mannix's duplicative time entries were for conferences with Mr. Cohan on 4/13/10, 6/17/10, 9/29/10, 11/9/10, 6/22/11, 7/7/11, and 10/28/11. See ECF No. 63-11 at 2-12.

[5] Ms. Ostrowski's duplicative time entry for conferences with co-counsel was on 4/28/11. See ECF No. 63-12 at 8.

[6] Ms. Mannix's duplicative time entries for conferences with co-counsel were on 6/30/10, 12/22/10, 2/9/11, 3/1/11, 3/22/11, 10/11/11, 11/28/11, 12/12/11, 12/19/11, 4/17/13, 7/1/13, 8/5/13, and 8/28/13. See ECF No. 63-11 at 3-15; ECF No. 92-5 at 3-8.

Mr. Rogers' time[7]; 1.4 hours of Mr. Cohan's time[8]; and 4.3 hours of Mr. Geminiani's time[9].

For multiple attorneys attending the private settlement discussions with opposing counsel on April 29, 2011, the Court deducts 2.1 hours at $80 per hour of Ms. Ostrowski's time; 3.0 hours of Mr. Geminiani's time; and 2.8 hours of Mr. Rogers' time. ECF No. 63-12 at 8; ECF No. 63-13 at 9.

For multiple attorneys attending court hearings and court proceedings, the Court will allow time for two attorneys in certain instances because Local Rule 83.12(e)(5) requires local counsel to participate in such proceedings. However, even with this allowance, several deductions are required because as many as five attorneys appeared for Plaintiff for court proceedings. The Court deducts 0.3 hours of Ms. Lee's time[10]; 5.8 hours of Ms. Ostrowski's time (3.0 hours at $80 per hour; 2.8 hours at $125

---

[7] Mr. Rogers' duplicative time entries for conferences with co-counsel were on 12/22/10, 3/1/11, 4/28/11, 10/11/11, 11/14/11, 11/16/11, 11/28/11, 12/12/11, 12/19/11, 4/17/13, 7/1/13, 8/5/13, 8/20/13, 8/28/13, and 11/12/13. See ECF No. 63-13 at 3-16; ECF No. 92-10 at 6-11; ECF No. 105-7 at 2.

[8] Mr. Cohan's duplicative time entries for conferences with co-counsel were on 6/30/10 and 3/1/11. See ECF No. 63-11 at 3, 7.

[9] Mr. Geminiani's duplicative time entries for conferences with co-counsel were on 12/22/10, 2/9/11, 3/1/11, 3/22/11, 11/15/11, and 12/12/11. See ECF No. 63-12 at 6-11, 16.

[10] This deduction is for Ms. Lee's attendance at a court proceeding on 9/25/12. ECF No. 63-12 at 13.

per hour)[11]; 10.5 hours of Mr. Rogers' time[12]; and 2.8 hours of Ms. Mannix's time[13].

The Court also finds that the hours spent by Plaintiff's counsel in exchanging emails with each other are excessive and duplicative.  See Haw. Def. Found. v. City and Cnty. of Honolulu, Civil No. 12-00469 JMS-RLP, 2014 WL 2804448, at *8 (D. Haw. June 19, 2014) (deducting fees requested for time spent exchanging emails with co-counsel).  Although the Court understands that a certain amount of collaboration is to be expected when multiple firms are involved, the hundreds of time entries reflecting time spent by counsel reading and responding to emails from co-counsel are unreasonable.  See ECF No. 63-11, 63-12, 63-13.  The Court deducts 10 hours of Mr. Cohan's time, 10 hours of Ms. Mannix's time, 5 hours at $80 per hour of Ms. Ostrowski's time, 5 hours of Mr. Geminiani's time, 5 hours of Mr. Alston's time, and 10 hours of Mr. Rogers' time.

Finally, the Court deducts the hours billed for work on

---

[11] This deduction is for Ms. Ostrowski's attendance at court proceedings on 3/15/11, 11/28/11, and 1/11/12.  ECF No. 63-12 at 16, 18.

[12] This deduction is for Mr. Rogers' attendance at court proceedings on 3/15/11, 11/16/11, 11/28/11, 1/11/12, 8/7/13, 8/20/13, and 8/28/13.  ECF No. 63-13 at 8-23; ECF No. 92-10 at 10-11.

[13] This deduction is for Ms. Mannix's attendance at court proceedings on 11/28/11, 1/11/12, 8/7/13, and 8/28/13.  ECF No. 63-11 at 14, 17; ECF No. 92-5 at 5, 8.

the fee agreement between co-counsel and client retainers.  See Black v. City. County of Honolulu, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *11 (D. Haw. Feb. 22, 2010) (finding that work on client agreements are not compensable, even though such work is necessary to the professional relationship, because it did not contribute to the litigation of the plaintiff's claims).  The Court deducts 4.5 hours (3.1 hours at $80 per hour and 1.4 hours at $125 per hour) of Ms. Ostrowski's time[14]; 2.3 hours of Mr. Geminiani's time[15]; 2.6 hours of Mr. Cohan's time[16], and 0.2 hours of Mr. Alston's time[17].

### 4. Clerical tasks

Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate.  Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  Communications

---

[14] Ms. Ostrowski worked on client retainer agreements on 9/3/10, 10/1/10, 10/11/10, 7/13/11, and 9/2/11.  ECF No. 63-12 at 4-5, 10, 16.

[15] Mr. Geminiani worked on client retainer agreements and the co-counsel fee agreement on 4/28/10, 6/15/10, 6/18/10, and 11/8/10.  ECF No. 63-12 at 1-2, 14.

[16] Mr. Cohan worked on the co-counsel fee agreement on 4/28/10, 5/24/10, 6/16/10, 6/17/10, and 6/25/10.  ECF No. 63-11 at 1-3.

[17] Mr. Alston worked on the co-counsel fee agreement on 6/15/10.  ECF No. 63-13 at 1.

with the court and reviewing notices regarding hearings and deadlines are clerical and not compensable.  See, e.g., Nicholas M. ex rel. Laura M. v. Dep't of Educ., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Additionally, communicating with court staff is likewise deemed clerical in nature and is not compensable.  See Synagro Techn., Inc. v. GMP Haw., Inc., Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at *12, (D. Haw. Mar. 15, 2007).  The Court has carefully reviewed counsel's time entries and finds that the following deductions are appropriate for clerical tasks:  1.8 hours of Mr. Geminiani's time[18]; 0.9 hours of Mr. Cohan's time[19], 3.2 hours of Mr. Rogers' time[20]; and 0.7 hours of Mr. Alston's time[21].

---

[18] Mr. Geminiani's clerical task entries were on 4/6/10, 11/18/10, 11/30/10, 12/16/10, 2/14/11, 2/15/11, 3/24/11, and 8/7/12.  ECF No. 63-12 at 1-8, 18.

[19] Mr. Cohan's clerical task entries were on 11/12/10, 3/18/11, 3/29/11, 7/27/11, 11/28/11, 12/6/11, 12/20/12, 1/2/13, 7/1/13, and 8/20/13.  ECF No. 63-11 at 6-11, 14-16; ECF No. 92-5 at 2, 4, 7.  Plaintiff already reduced the hours requested for clerical task entries by Mr. Cohan on 12/16/10, 12/20/10, 3/1/11, 3/28/11, 4/25/11, 10/6/11, 10/7/11, and 1/10/12.  See ECF No. 108 at 3 n.4.

[20] Mr. Rogers' clerical task entries were on 2/1/11, 2/15/11, 3/22/11, 3/23/11, 11/10/11, 11/11/11, 11/16/11, 1/9/12, 8/8/12, 8/29/12, 9/25/12, 3/11/13, 3/27/13, 4/18/13, 5/6/13, 5/8/13, 5/13/13, 7/15/13, 8/25/13, and 8/28/14.  ECF No. 63-13 at 7-27; ECF No. 92-10 at 2, 5-6, 9, 11; ECF No. 105-7 at 4.  Plaintiff already reduced the hours requested for a clerical task entry by Mr. Rogers on 12/20/10.  See ECF No. 108 at 2 n.2.

[21] Mr. Alston's clerical task entries were on 6/28/10, 12/15/10, 2/15/11, 12/13/11, and 1/9/12.  ECF No. 63-13 at 1, 3, 7, 21, 23.  Plaintiff already reduced the hours requested for

16

## 5. Inadequate Descriptions

The party seeking an award of fees "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  Local Rule 54.3(d)(2). The Court finds that several time entries submitted by Plaintiff's counsel do not contain enough information to allow the Court to determine the reasonableness of the hours expended. Specifically, because Mr. Cohan failed to identify the subject of his research in a few entries, the Court deducts 4.9 hours of his time.[22]  See Local Rule 54.3(d)(2) ("entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary").  Because Ms. Ostrowski failed to identify the subject matter of a discussion with co-counsel, the Court deducts 0.2 hours at $125 per hour.[23]  Plaintiff concedes that the time entries by Mr. Geminiani that reflect discussions with himself should be deducted; however, Plaintiff only deducts 0.5 hours instead of the 0.6 hours billed.  See ECF No. 74 at 17-18; ECF No. 108 at 4 n.7.  Accordingly, the Court

---

clerical task entries by Mr. Alston on 12/16/10, 12/17/10, and 12/21/10.  See ECF No. 108 at 2 n.1.

[22] Mr. Cohan's unspecified research entries were on 10/28/11, 7/8/13, and 8/22/13.  ECF No. 63-11 at 12; ECF No. 92-5 at 5, 7.

[23] Ms. Ostrowski's inadequate description was on 7/11/11. ECF No. 63-12 at 9.

deducts an additional 0.1 hours of Mr. Geminiani's time.[24]

Finally, because many of Ms. Lee's entries are not sufficiently detailed and contain multiple unspecified abbreviations, the Court deducts 5.1 hours of her time.[25]

### 6. Block Billing

The Court finds that the hours requested by Plaintiff should be reduced because many of the hours were block billed. Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent). Courts may reduce the hours that are billed in block format. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Id. (quoting

---

[24] Mr. Geminiani's entries were on 5/2/11 and 9/7/11. ECF No. 63-12 8, 14.

[25] Ms. Lee's inadequate descriptions were on 3/2/12, 3/5/12, 3/12/12, 3/15/12, 4/3/12, 4/12/12, 4/13/12, 4/15/12, 4/27/12, 5/7/12, 5/16/12, 5/22/12, and 7/27/12. ECF No. 63-12 at 12-13. Plaintiff agreed to deduct Ms. Lee's requested hours for 3/9/12 and 3/16/12. See ECF No. 108 at 4 n.8; ECF No 74. at 16 n.3.

<u>Sorenson v. Mink</u>, 239 F.3d 1140, 1146 (9th Cir. 2001)).

Here, the Court has carefully reviewed the time entries provided by Plaintiff's counsel and finds that 34.4 hours were block billed. Because the block billing prevents the Court from determining the reasonableness of the hours worked, Plaintiff has failed to show that these hours were necessarily and reasonably incurred. Accordingly, the Court reduces all of the block-billed hours by twenty percent. The Court deducts 2 hours from Ms. Ostrowski's time (1.4 hours at $80 per hour; 0.6 hours at $125 per hour)[26]; 0.2 hours from Mr. Geminiani's time[27]; 3.4 hours from Ms. Lee's time[28]; 0.4 hours from Ms. Mannix's time[29]; and 0.9 hours from Mr. Cohan's time[30]. The Court finds that this twenty percent reduction to the specific entries at issue fairly balances those hours that were block billed. <u>See</u> <u>Painsolvers,</u>

---

[26] Ms. Ostrowski block billed a total of 9.9 hours on 9/28/10, 10/27/10, 11/11/10, 12/29/10, 7/8/11 and 7/28/11. ECF No. 63-12 at 4-5, 9, 15-16.

[27] Mr. Geminiani block billed a total of 0.9 hours on 5/10/11. <u>Id.</u> at 8.

[28] Ms. Lee block billed a total of 17.0 hours on 2/20/12, 2/27/12, 2/28/12, 2/29/12, 3/2/12, 3/5/12, 3/15/12, 3/16/12, 4/9/12, 4/11/12, 4/16/12, 4/18/12, 4/24/12, and 5/8/12. <u>Id.</u> at 11-13.

[29] Ms. Mannix block billed a total of 1.8 hours on 3/8/12, 10/16/12, 11/7/12, and 8/12/13. ECF No. 63-11 at 19; ECF No. 92-5 at 1-2, 6.

[30] Mr. Cohan block billed a total of 4.3 hours on 1/14/11, 1/27/11, 8/1/11, 11/7/11, 1/10/12, 1/12/12, 5/29/13, 5/30/13, and 8/5/13. ECF No. 63-11 at 6, 11, 13, 17; ECF No. 92-5 at 4-5.

<u>Inc. v. State Farm Mut. Auto. Ins. Co.</u>, CIV. No. 09-00429
ACK-KSC, 2012 WL 2529298, at *3 (D. Haw. June 28, 2012) (reducing
block billed time by twenty percent).

### 7.  Excessive Hours

Defendant contends that the hours claimed by
Plaintiff's counsel are excessive.  Time spent on work deemed
"excessive, redundant, or otherwise unnecessary" shall not be
compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461
U.S. at 433-34).  The only specific category of hours challenged
by Defendant is the time spent by Plaintiff's counsel for case
development.  <u>See</u> ECF No. 73 at 11.  Case development includes
background investigation, file set up, preparation of budgets,
routine communications with clients, co-counsel, opposing
counsel, and the court.  <u>See</u> Local Rule 54.3(d)(1)(A).  Here,
Plaintiff's counsel billed a total of 359.65 hours on case
development, nearly half of the total time billed in this case.
<u>See</u> ECF Nos. 63-8 at 1, 63-9 at 1, 63-10 at 1, 92-4 at 1, 92-6 at
1, 92-9 at 1, 105-6 at 1, 105-9 at 1.  Upon review, the Court
agrees that hours claimed for case development are excessive
given the nature of this case and its resolution through
settlement following the granting of the preliminary injunction.
The Court will reduce the total fee awarded by five percent.  The
Court has reviewed the remaining time requested by Plaintiff and
finds it to be reasonable.

The Court FINDS that the following rates and hours are reasonable for work performed by Alston Hunt Floyd & Ing:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Paul Alston, Esq. | 23.8[31] | $500 | $11,900.00 |
| Donna C. Marron, Esq. | 14.4 | $300 | $4,320.00 |
| Laura P. Moritz, Esq. | 4.9 | $210 | $1,029.00 |
| Orlesia A. Tucker, Esq. | 48.7 | $200 | $9,740.00 |
| Shannon M.I. Lau, Esq. | 23.3 | $200 | $4,660.00 |
| J. Blaine Rogers, Esq. | 116.4[32] | $175 | $20,370.00 |
| Iris K. Takane, paralegal | 55.1 | $100 | $5,510.00 |
| Kelly Guadagno, paralegal | 1.1 | $95 | $104.50 |
| Shaneeqwa N. Watson, law clerk | 2.2 | $125.00 | $275.00 |
| Subtotal before 5% reduction | | | $57,908.50 |
| 5% reduction for excessive case development fees | | | ($2,895.43) |
| Subtotal | | | $55,013.07 |
| General Excise Tax (4.712%) | | | $2,592.22 |
| **TOTAL** | | | **$57,605.29** |

The Court FINDS that the following rates and hours are reasonable for work performed by the National Center for Law and Economic Justice are:

---

[31] 29.7 hours requested - 5.0 hours for excessive emails - 0.2 hours for work on the fee agreement - 0.7 hours for clerical tasks = 23.8 hours.

[32] 152.8 hours requested - 9.9 hours for duplicative billing for communications with co-counsel - 2.8 hours for duplicative billing for attending settlement discussions - 10.5 hours for duplicative billing for attending court hearings - 10.0 hours for excessive time spent emailing co-counsel - 3.2 hours for clerical tasks = 116.4 hours.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Marc Cohan, Esq. | 86.8[33]<br>21.1 | $450<br>$150 | $34,060.00<br>$3,165.00 |
| Mary R. Mannix, Esq. | 61.6[34] | $450 | $27,720.00 |
| Petra T. Tasheff, Esq. | 2.6 | $225 | $585.00 |
| Subtotal before 5% reduction | | | $65,530.00 |
| 5% reduction for excessive case development fees | | | ($3,276.50) |
| Subtotal | | | $62,253.50 |
| General Excise Tax (4.712%) | | | $2,933.38 |
| TOTAL | | | **$65,186.88** |

The Court FINDS that the following rates and hours are reasonable

for the Hawaii Appleseed Center for Law and Economic Justice are:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| M. Victor Geminiani, Esq. | 117.0[35] | $285 | $33,345.00 |

---

[33] 107.5 hours requested - 1.4 hours for duplicative billing for communications with co-counsel - 10.0 hours for excessive time spent emailing co-counsel - 2.6 hours for work on the fee agreement - 0.9 hours for clerical tasks - 4.9 hours for inadequate descriptions - 0.9 hours for block billing = 86.8 hours.

[34] 85.3 hours requested - 2.3 hours for duplicative billing within the same firm - 8.2 hours for duplicative billing for communications with co-counsel - 2.8 hours for duplicative billing for attending court hearings - 10.0 hours for excessive time spent emailing co-counsel - 0.4 hours for block billing = 61.6 hours.

[35] 133.7 hours requested - 4.3 hours for duplicative billing for communications with co-counsel - 3.0 hours for duplicative billing for attending settlement discussions - 5.0 hours for excessive time spent emailing co-counsel - 2.3 hours for work on the fee agreement and client retainers - 1.8 hours for clerical tasks - 0.1 hours for inadequate descriptions - 0.2 hours for block billing = 117.0 hours.

| Deja M. Ostrowski, Esq. | 44.2[36] | $80 | $3,536.00 |
| | 16.5[37] | $125 | $2,062.50 |
| Jennifer Anne Lee, Esq. | 20.0[38] | $125 | $2,500.00 |
| Jessica Su, Esq. | 12.8 | $80 | $1,024.00 |
| Jennifer Andrews, paralegal | 3.0 | $60 | $180.00 |
| Subtotal before 5% reduction | | | $42,647.50 |
| 5% reduction for excessive case development fees | | | ($2,132.38) |
| Subtotal | | | $40,515.12 |
| General Excise Tax (4.712%) | | | $1,909.07 |
| **TOTAL** | | | **$42,424.19** |

In total, the Court RECOMMENDS that the court award fees in the amount of $165,216.36.

### C. Non-Taxable Expenses

Under Section 1988, a plaintiff may recover its reasonable expenses, including costs not otherwise taxable under 28 U.S.C. § 1920.  See <u>Harris v. Marhoefer</u>, 24 F.3d 16, 20 (9th

---

[36] 69.9 hours requested - 9.9 hours for duplicative billing within the same firm - 1.2 hours for duplicative billing for communicating with co-counsel - 2.1 hours for duplicative billing for attending settlement discussions - 3.0 hours for duplicative billing for attending court hearings - 5.0 hours for excessive time spent emailing co-counsel - 3.1 hours for work on client retainers - 1.4 hours for block billing = 44.2 hours.

[37] 27.6 hours requested - 6.1 hours for duplicative billing within the same firm - 2.8 hours for duplicative billing for attending court hearings - 1.4 hours for work on client retainer agreements - 0.2 hours for inadequate descriptions - 0.6 hours for block billing = 16.5 hours.

[38] 28.8 hours requested - 0.3 hours for duplicate billing for attending court hearings - 5.1 hours for inadequate descriptions - 3.4 hours for block billing = 20.0 hours.

Cir. 1994).  Plaintiff seeks to recover $260.24 for electronic legal research and $51.00 for messenger services.  ECF No. 63-2 at 22.  Defendant does not challenge the non-taxable expenses claimed by Plaintiff.  Based on its review of Plaintiff's request, the Court FINDS that all costs were reasonably incurred in this litigation.  The Court RECOMMENDS that the court award expenses in the amount of $311.24.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Related Non-Taxable Expenses be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge AWARD Plaintiff $165,216.36 in attorney's fees and $311.24 in non-taxable expenses.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 17, 2015.

Richard L. Puglisi
United States Magistrate Judge

**BOOTH V. WONG; CIVIL NO. 10-00680 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES**